

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 12, 1948

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-501

Re: Construction of
H. B. 674, 50th
Legislature, as
to whether said
act makes an ap-
propriation of
proceeds of sales
and transfer of
property supple-
mentary to the
regular biennial
appropriation.

Dear Sir:

Your request for an opinion is as follows:

"I quote the following excerpts from House Bill No. 674, Acts of the Regular Session of the Fiftieth Legislature:

"'The money from the sale of such property, less the expense of advertising the sale, shall be deposited in the State Treasury to the credit of the department, commission, board, or other State agency, which transferred the property to the State Board of Control. The credit to such department, commission, board, or other State agency shall be made to the fund from which such property could be purchased. . . .

"'Any property which has become unfit for use, or no longer needed, when placed under the jurisdiction of the State Board of Control by any department, commission, board, or other State agency, including State Eleemosynary Institutions, colleges, institutions of higher learning, and the

Texas Prison System, may be transferred by the State Board of Control to any institution, department, commission, board, or other State agency in need of same, and the proper debit and credit shall be made on the basis that such property can be purchased in the market at the time of the transfer, if a market exists, and if not, at its actual or intrinsic value as set by the State Board of Control. The State Comptroller shall, upon information furnished by the State Board of Control, deb-it the appropriation of the State agency receiving such transferred property, from which such property could have been purchased, and credit the fund from which such property could have been purchased, to the State agency that transferred such property to the State Board of Control, . . .' (Underscoring supplied)

"The question arises under the administration of this Act as to whether moneys received from the sale of property belonging to a State agency, etc., whether such property was purchased by funds from the current appropriation or a prior appropriation, shall be credited to the current appropriation and supplement the current appropriation, or whether these moneys are credited to the appropriated fund and are not supplemental to the current appropriation for the State agency, etc.

"None of the moneys received from the sale of such goods were taken into consideration when this department certified the General Appropriation Bill under Section 49a of Article III of the Constitution.

"I shall thank you to advise this department whether the moneys received from the sale of such property are supplemental to the current appropriation, or whether they are a credit to the appropriated fund and are not subject to the use or benefits of the department receiving same.

"If you rule that the moneys received
under this Act are supplemental to the cur-
rent appropriations, then does the bill be-
come non-operative after two years from its
date?

"I am attaching hereto reports of sale
or transfers of State property that have
been received by this department for your
study in answering this question.  I shall
thank you to return these reports with your
reply."

You present two questions which we restate as
follows:

(1)  "Whether the moneys received from the sale
of such property are supplemental to the current appro-
priation, or whether they are a credit to the appropriated
fund and are not subject to the use or benefits of the de-
partment receiving same.

(2)  "If you rule that the moneys received un-
der this Act are supplemental to the current appropria-
tions, then does the bill become non-operative after two
years from its date?"

House Bill No. 674, 50th Legislature, is divided
into two sections, exclusive of the emergency section.
The first section authorizes the Board of Control to sell
personal property belonging to the State, under the con-
trol of any department, commission, board, or other State
agency, except State eleemosynary institutions, colleges,
institutions of higher learning, and the Texas Prison Sys-
tem, when it shall become unfit for use, or no longer
needed.  Section 2 authorizes the State Board of Control
to transfer property no longer needed, or which has be-
come unfit for use, from one State department, commission,
board, or other agency, to another State board, commis-
sion, or agency, and in addition includes eleemosynary
institutions, colleges, institutions of higher learning,
and the Texas Prison System specifically excluded by Sec-
tion 1.  Section 2 also provides for trade-in of such
property on new property of the same type.

Both sections prescribe the method of account-
ing to be adopted by the Comptroller in handling a sale
or transfer of property comprehended by the Act.  In nei-
ther case, however, is a supplemental appropriation made

to the regular biennial appropriation to the respective departments, boards, agencies of the state, or institutions coming within the terms of the Act. The Act does not make an appropriation of any funds arising from a sale of property under Section 1 or arising from a transfer as provided in Section 2, and does not operate to increase or diminish the current biennial appropriation. Therefore, your certificate as to the available and prospective funds to meet the General Appropriation Bill under Sec. 49a of Art. III of the Constitution is not involved. Whether it be a sale or transfer, the Act does nothing more than prescribe a method of bookkeeping to be followed by the Comptroller in handling the proceeds of a sale or handling an exchange of property from one State department, board, agency or institution to another. Its operation is not limited to two years, but, for the reasons hereinafter set out, the bill should be amended or reworded by the Legislature in the future to make its full intent completely certain.

In the case of a sale or transfer, it is our opinion that the Act requires the credit to be made to the itemized appropriation of the selling or transferring Department in the current appropriation bill from which such property could have been purchased. Such credit then stands in the place of the property which was given up by the Department receiving the credit.

The question then arises as to whether the credited Department may use this credited sum for all purposes covered by the itemized appropriation to which it is credited or whether such use is limited to the replacement of the same type of property. On this question there has been considerable disagreement in this office. The uncertainty and ambiguity of the Act and the conflict of opinion thereon within this office have caused the long delay in the completion of this opinion. The intent of the Legislature and whether it used words sufficient to carry out such intent has caused us great concern. After carefully studying the entire Act together and reviewing the public policy involved and the evils which the Legislature apparently desired to remedy by this Act, we have concluded that it was the intention of the Legislature to allow departments to trade in, exchange, or sell surplus or unfit personal property for the purpose of replacing it with the same type of fit and usable property.

We do not believe that the Legislature intended that the credit from trade-ins, exchanges, transfers or sales could be used for all purposes specified in the itemized fund or appropriation from which the particular item of property could have been purchased. If so, some of the itemizations are so broad that credits from personal property could be used to pay seasonal help, salaries, and other expenses which have no relation to the replacement of the particular type of property involved in the trade, exchange, or sale. To apply that interpretation to the Act would be giving it the effect of an appropriation, which cannot be done in view of the other provisions of the Act.

Therefore, it is our opinion that the credits for trade-ins, transfers, and sale of personal property covered by this Act may be used only toward the replacement or purchase of the same or a similar type of personal property. Any credits over and above the amounts used on replacement or purchase of the same or a similar type of property will remain subject to future appropriation or use specified by the Legislature or will revert to the general fund or other appropriate fund after the current biennium as provided by other laws on the subject.

SUMMARY

Credits for personal property transferred or sold by State departments under House Bill 674, 50th Legislature, should be made to the itemized appropriation from which the property could have been purchased. Such credits may be used only to replace or purchase the same or a similar type of personal property.

Yours very truly

APPROVED:

ATTORNEY GENERAL OF TEXAS

*Price Daniel*

ATTORNEY GENERAL

BY       *L. P. Lollar*

L. P. Lollar
Assistant

LPL:jcp:erc